J. D. STREETY, *Plaintiff in Error, v.* JOHN DEERE PLOW COMPANY, A CORPORATION, *Defendant in Error.*

En Banc.

Opinion Filed July 8, 1926.

Petition for Rehearing Denied September 22, 1926.

1. A material averment in a plea to a declaration on a promissory note in an action at law by the payee against the maker, that such note was given in a representative capacity and not as an individual liability, is knowledge or notice on the

part of the payee of the facts alleged in the plea. A plea which fails to state that the payee took the note with such notice is bad on demurrer.

2. The court may enter a default judgment in an action founded upon a promissory note which provides for the payment of "an additional sum of ten per cent of the face hereof for attorneys fees," without submitting the question of "reasonableness" of such fee to a jury.

3. Where in an action at law final judgment was entered by the court, after notice served upon and accepted by the defendant's attorneys a motion was made to vacate and set aside such judgment the excuses for failure of attorneys to attend the hearing when the judgment was entered as set forth in the motion were addressed to the sound discretion of the court. Where no abuse of such discretion is made to appear the judgment of the lower court will not be set aside by the appellate court.

4. After final judgment has been entered by the court in an action at law it is not error for the court to deny a motion to re-open the case and allow the defendant to file a plea of payment, when no excuse is offered for delay in presenting plea.

A writ of error to the Circuit Court for Columbia County; M. F. Horne, Judge.

Judgment affirmed.

*Cone & Chapman,* for Plaintiff in Error;

*W. H. Wilson,* for Defendant in Error.

KOONCE, Circuit Judge.—The parties herein will be referred to as they appeared in the lower court—Streety as the defendant, and John Deere Plow Company, as the plaintiff.

The first assignment of error: That the court erred in sustaining demurrer filed by plaintiff to the plea of defendant filed June 30, 1924.

The plea demurred to undertook to defend against the action (suit on promissory notes) on the ground that the notes were given in a representative capacity and not as an individual liability. The plea at some length sets out that the business conducted under the name and style J. D. Streety was in fact the business of the estate of J. D. Streety, the father of the defendant, who had been several years dead. As a defense to this action, however, it is lacking a very material averment that the plaintiff had or was in any manner charged with notice of this fact. There was, therefore, no error in sustaining the demurrer to the plea.

Second Assignment of Error: That the court erred in making and entering a final judgment in the cause on the 10th day of September, 1924.

The argument of attorneys addressed to this assignment is that the court had no authority to enter this judgment out of term time because the notes provided for "additional sum of ten per cent of the face hereof for attorneys' fees," this being a matter to be determined by a jury—attorneys relying upon the law that the court must adjudicate a "reasonable attorney's fee" overlook the provision of 4854 (last clause) where it is said; "It shall not be necessary for the court to adjudge an attorney's fee, provided in any note or other instrument of writing, to be reasonable and just, when such fee does not exceed ten per cent of the principal sum named in said note." In this case the notes provided for ten per cent attorney's fees—and it was not necessary to adjudicate the sum to be reasonable.

Third Assignment. That the court erred in denying

defendant's motion to vacate the final judgment. By reference to the bill of exceptions it appears that the final judgment was entered after notice served upon the defendant's attorney and accepted by him. The excuses set out in the motion as to the failure of attorney to attend hearing were addressed to the sound discretion of the Circuit Judge who heard the motion. He having been advised in the premises and having passed his judgment thereon, and it not appearing that such discretion was abused, this court will not interfere with the same.

Fourth Assignment. That the court erred in the order of November 8, 1924, denying defendant's application to be allowed to file plea of payment and allowing the case to be submitted to a jury.

Here again is a matter within the discretion of the trial judge. The declaration was filed April 7, 1924. On June 30, after demurrer had been overruled, defendant filed plea. In the motion filed November 8th, 1924, asking for leave to re-open case and file plea of payment no excuse whatever is offered for the delay in offering such plea. There appears to be no abuse of discretion in denying the motion.

Finding no reversible error, the judgment of the Circuit Court is affirmed.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the decree of the Circuit Court in this cause should be, and the same is hereby, affirmed.

BROWN, C. J. AND WHITFELD, ELLIS, TERRELL AND BUFORD, J. J., concur.

ON REHEARING.

KOONCE, Circuit Judge.—In the opinion rendered the court did not overlook the assignment of error that "the lower court erred in entering its order dated November 8th, 1924, overruling and denying the motion of the defendant, J. D. Streety, that the said final judgment made and entered September 10th, 1924, be vacated and set aside and the defendant be allowed to plead to the said cause of action then pending against him."

This was discussed in the consideration of third and fourth assignment of error.

The record shows that due notice of the hearing upon the demurrer to pleas of defendant had been *accepted* by the defendant's attorneys—and that they failed to be present at argument and make due application to the court for leave to file additional pleas was their own omission, and not the fault of the lower court. Under the notice given, it was permissible to enter the final judgment. As to setting aside the judgment to allow the plea of payment, the motion was lacking in any showing of diligence. No excuse of any kind was offered for failure to present such plea before, and the question of opening the judgment, was for the consideration and within the discretion of the trial judge. Evidently the judge was in position to pass upon the matter and his discretion should not be disturbed.

The petition for rehearing is denied.

WHITFIELD, ELLIS, TERRELL, STRUM AND BUFORD, J. J., concur.